# I b]hXXGHUng 6 Ub_fi dHWn7ci fh
## 9 UghUfb 8]ghf]WcZDYbbgmj Ub]U

| | |
|---|---|
| McDonald E. Ford,<br><br>*Debtor.* | Chapter 13<br>Case No. 25-14907-DJB |

### Motion to Extend the Automatic Stay

Debtor McDonald E. Ford, through his attorney, moves this Court as follows:

1. The Debtor filed a bankruptcy petition on December 1, 2025. They have filed a plan and all schedules, statements, and other documents required by 11 U.S.C. §521(a)(1) and Fed. R. Bankr. P. 1007(b).

2. The Debtor was involved in one active bankruptcy between December 2, 2024, and December 1, 2025:

| Case No. | District | Filed | Dismissed | Reason |
|---|---|---|---|---|
| 25-13103 | PAEB | 8/4/2025 | 9/25/2025 | Failure to file documents |

3. Because the Debtor was involved in only one active bankruptcy between December 2, 2024, and December 1, 2025, the automatic stay is set to expire on December 31, 2025. 11 U.S.C. § 362(c)(3)(A).

4. The Court may extend the automatic stay when a case is filed in good faith as to the creditors to be stayed. Good faith means that there are new circumstances demonstrating that the Debtor can probably reach the end of a chapter 13 plan. In re Legree, 285 B.R. 615, 620 (Bankr. E.D. Pa. 2002).

5. This case was filed in good faith. The instant case cannot be dismissed for failure to file documents as the Debtor's prior case was because the Debtor has already filed all the required documents in the instant case.

6. Because this case was filed in good faith, the Court must continue the automatic stay against all creditors until the Debtor receives a discharge.

For those reasons, the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: December 5, 2025

CIBIK LAW, P.C.
*Counsel for Debtor*

By: _____
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com